# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2021

Lyle W. Cayce
Clerk

No. 17-10478

United States of America,

*Plaintiff—Appellee*,

*versus*

Latroy Leon Burris,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-163-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Wiener, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

This case is back before us because the U.S. Supreme Court granted Mr. Burris's petition for certiorari, vacated our earlier decision, and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-10478

remanded the case for further consideration in light of *Borden v. United States*, 141 S. Ct. 1817 (2021).

Mr. Burris pleaded guilty to a two-count federal indictment charging him with possessing a firearm after a felony conviction and possessing a substance containing heroin. Because Mr. Burris had three prior Texas convictions that the district court considered violent felonies under the Armed Career Criminal Act, it applied the Act's three-strike enhancement, and its corresponding fifteen-year mandatory minimum, to the felon-in-possession count. *See* 18 U.S.C. § 924(e)(1), (2)(B). We initially affirmed.

But one of Mr. Burris's convictions was for simple robbery under Texas Penal Code § 29.02(a)(1). And *Burton* now makes it clear that simple robbery is not a violent felony for purposes of applying the ACCA's mandatory fifteen-year minimum enhancement because it could be committed simply by recklessly causing another to suffer injury during a theft. 141 S. Ct. at 1825; *United States v. Ybarra*, No. 20-10520, 2021 WL 3276471, at *1 (5th Cir. July 30, 2021).

Accordingly, we GRANT appellant's unopposed motion to vacate the decision of the district court, VACATE the decision, and REMAND for resentencing. All other motions are DENIED as moot.